UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────
CJUF III 20 HENRY PROPERTY LLC,
Individually, and as Assignee of B&A
RESTORATION CONSULTING, INC.,

                    Plaintiff,

      -against-

EDISON COATINGS, INC.,

                    Defendant.
─────────────────────────────────

**MEMORANDUM & ORDER**
19-CV-1954 (NGG) (PK)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff CJUF III 20 Henry Property LLC ("CJUF") brings this action against Defendant Edison Coatings, Inc. ("Edison"), for breach of contract, indemnification, and contribution, relating to allegedly defective stucco that Defendant supplied for the renovation of a building located at 20 Henry Street, formerly known as 73-79 Middagh Street, in Brooklyn, New York (the "Middagh Building"). (Am. Compl. (Dkt. 18) ¶ 1.) Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint with prejudice. (Mot. to Dismiss ("Mot.") (Dkt. 21) at 1.) For the reasons stated below, the motion is GRANTED.

### I. BACKGROUND

#### A. Facts

The following factual summary is drawn from the facts alleged in the complaint, which the court generally accepts as true. *See N.Y. Pet Welfare Ass'n v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).

CJUF has owned the Middagh Building since 2010. (Am. Compl. ¶ 9.) In 2011, B&A Restoration Consulting, Inc. ("B&A"), the façade contractor for the Middagh Building, hired Edison as its

1

subcontractor to supply stucco for the façade in connection with an ongoing rehabilitation project. (*Id.* ¶¶ 18, 20.) B&A entered into a contract to purchase stucco from Edison in October 2011 (the "Stucco Contract"). (*Id.* ¶ 20; *see also* Stucco Contract (Dkt. 22-1).) Construction of the façade was completed in 2013. (*Am. Compl.* ¶ 23.)

In March 2016, a large chunk of stucco broke off the north façade of the Middagh Building. (*Id.* ¶ 23.) The Board of Managers of the 20 Henry Street properties (which includes the Middagh Building) (the "Board") further noted that pervasive "spider cracks" in the north façade were causing "water infiltration, severe spalling, and detachments of sections of hard coating." (*Id.* ¶ 24.) In April 2016, the Board filed a complaint against CJUF in Kings County Supreme Court alleging claims of breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, and violations of N.Y. G.B.L §§ 349-350 relating to, *inter alia*, the defective stucco (the "Underlying Action"). (*Id.* ¶ 25; *see also* Am. Compl., *Bd. Of Mgrs. of 20 Henry St. Condo. v. CJUF III 20 Henry Properties, LLC*, Ind. No. 500289/2016 (Kings Cty. Sup. Ct. June 29, 2016), NYSCEF Dkt. No. 13 ("Underlying Complaint").) CJUF impleaded B&A as a third-party defendant. (Am. Compl. ¶ 26.) B&A did not implead Edison. (*Id.*)

The entire façade was eventually replaced. (*Id.* ¶ 27.) In January 2018, CJUF, B&A, and Merritt Engineering Consulting, P.C. (which CJUF impleaded as a third-party defendant in the Underlying Action) settled all claims relating to the north façade stucco for $270,000, to which CJUF and B&A each contributed $90,000. (*Id.* ¶ 28.) Later that month, B&A assigned its rights under the Stucco Contract to CJUF. (*Id.* ¶ 29.)

### B. Procedural History

CJUF filed its original complaint in on April 4, 2019. (Compl. (Dkt. 1).) CJUF filed its amended complaint on September 6,

2019. (Am. Compl.) Currently pending before the court is Defendant's motion to dismiss for failure to state a claim. (*See* Mot.; Pl.'s Opp. to Mot. to Dismiss ("Opp.") (Dkt. 23); Reply in Supp. of Mot. to Dismiss ("Reply") (Dkt. 24).)

## II. LEGAL STANDARD

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (per curiam). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In evaluating a motion to dismiss, a court may consider documents central to a plaintiff's claim, documents sufficiently referred to so as to be deemed "integral" to the complaint, and documents over which a court may take judicial notice. *See King v. City of New York*, No. 12-CV-2344 (NGG), 2014 WL 4954621, at *7-8 (E.D.N.Y. Sept. 30, 2014) (citing *Global Network Comms., Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006)); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (holding that courts may consider an extrinsic document when the complaint "relies heavily upon its terms and effect"). The purpose of this rule is to "prevent[] plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." *King*, 2014 WL 4954621, at *8 (quoting *Global Network*, 458 F.3d at 157).

## III. DISCUSSION

CJUF seeks damages incurred by Defendant's act of supplying defective stucco through three claims: breach of contract, common-

3

law indemnification, and contribution. As discussed below, however, CJUF's breach of contract claim is time-barred. Moreover, CJUF's common-law indemnification claim fails because the liability for which it is seeking indemnification—breach of its own contracts with the Board—does not give rise to a claim for common-law indemnification. Finally, CJUF's contribution claim fails because CJUF has not alleged that Defendant engaged in any tortious conduct. As such, CJUF's claims fail as a matter of law and the court accordingly grants Defendant's motion to dismiss with prejudice.[1]

---

[1] Because there are independently sufficient grounds to dismiss the claims, the court declines to address Defendant's invocation of the doctrine of laches.

The court notes, however, that CJUF's arguments concerning the failure to implead Defendant in the Underlying Action are untenable. CJUF simultaneously asserts that it is entitled to recover directly from Defendant in this action and that it had no grounds to implead Defendant in the Underlying Action because it lacked contractual privity with Defendant at that time—and did not come into such privity until it was assigned B&A's rights under the Stucco Contract. However, the Stucco Contract lacks any indemnification provision (except the provision in which B&A agreed to indemnify Defendant (*see* Stucco Contract ¶ 7)), and CJUF is not seeking contractual indemnification, having amended its complaint to remove that claim. Thus, to the extent that CJUF now has a cause of action for common-law indemnification against Defendant (which, as discussed herein, it does not), it would have had the same claim at the time of the Underlying Action. Putting that issue to the side, assuming that whatever right CJUF now has to pursue a claim for damages against Defendant exists only by virtue of its status as assignee of B&A, CJUF cannot escape the consequence of B&A's failure to implead Defendant in the Underlying Action by arguing that it had not yet been assigned the rights it now possesses. The court need hardly explain why, as a matter of law and policy, a valid affirmative defense against a claim cannot be extinguished by mere assignment.

### A. Breach of Contract

CJUF's first claim is a breach of contract claim against Defendant for supplying defective stucco. (Am. Compl. ¶¶ 31-37.) This claim is time-barred.

The Stucco Contract contains a Connecticut choice of law clause. (Stucco Contract ¶ 8.) However, for matters regarding accrual and statutes of limitations, New York courts "look only to the place where the claim accrued in deciding which statute of limitations to apply." *Migdal Ins. Co. v. Ins. Co. of Pa.*, 14-CV-700 (JPO), 2014 WL 5149128, at *5 (S.D.N.Y. Oct. 14, 2014); *see also Glob. Fin. Corp. v. Triarc Corp.*, 93 N.Y.2d 525, 528 (1999); C.P.L.R. § 202. Thus, this court looks to New York law to determine the applicable statute of limitations.

Under New York law, the statute of limitations for claims founded upon a contract for the sale of goods is four years. N.Y. U.C.C. § 2-725(1). The Stucco Contract falls within this provision because goods are defined under the U.C.C. as (with some exceptions not applicable here) "all things … which are movable at the time of identification to the contract for sale," N.Y. U.C.C. § 2-105(1), and stucco is evidently a movable object.

The statute of limitations begins to run after the delivery of the goods is tendered. *Heller v. U.S. Suzuki Motor Corp.*, 64 N.Y.2d 407, 410 (1985); *see also* N.Y. U.C.C. § 2-725 (2). It does not matter whether a defect is defect latent, because "in the absence of a warranty explicitly extending to future performance, a breach occurs when tender of delivery is made." *Id.* The Stucco Contract is dated October 11, 2011. (Stucco Contract.) CJUF did not serve Defendant until April 2019. (Am. Compl. ¶ 30.) Thus, CJUF's breach claim is time-barred.

### B. Common-Law Indemnification

CJUF next claims that Defendant is obligated to indemnify CJUF and B&A for damages incurred from Defendant's "sole culpable

conduct" of supplying defective stucco. (Am. Compl. ¶¶ 38-41.) CJUF's common-law indemnification claim fails because the amended complaint contains no allegations that Defendant breached a legal duty independent of the contract, as required to sustain a claim for common-law indemnification.

Under New York law, common-law indemnification allows a party who has been compelled to pay damages for the wrongdoing of another party to recover from the wrongdoer. *Arrendal v. Trizechahn Corp.*, 98 A.D.3d 699, 700 (2d Dep't 2012). However, common-law indemnification is available only where one party "ha[s] been held vicariously liable for the party that actually caused the negligence that injured the plaintiff." *Chatham Towers, Inc. v. Castle Restoration & Constr., Inc.*, 151 A.D.3d 419, 420 (1st Dep't 2017). The claims settled in the Underlying Action, however, relate entirely to the alleged wrongdoing of CJUF in breaching its own contracts with and duties to the Board, and not any negligent conduct by Defendant. *See generally* Underlying Complaint). It is well-established that "in New York, a party cannot obtain common-law indemnification to recover damages resulting from its own breach of contract." *Milnot Holding Corp. v. Thruway Produce, Inc.*, No. 08-cv-6140, 2014 WL 993743, at *4 (W.D.N.Y. Mar 13, 2014) (collecting cases); *see also Chatham Towers*, 151 A.D.3d at 420 ("[T]here is no common-law indemnification claim because Chatham sought recovery from Castle because of the latter's alleged wrongdoing—breach of contract—and not vicariously because of any negligence on the part of Zimmerman."). As such, CJUF's indemnification claim must be dismissed.

### C. Contribution

CJUF's claim for contribution similarly fails because the amended complaint does not allege the breach of a legal duty that would sustain a contribution claim. New York's contribution statute provides that "two or more persons who are subject

6

to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." C.P.L.R. § 1401. This provision, however, "may not be invoked to apportion liability arising solely from breach of contract." *City of Kingston Water Dep't v. Charles A. Manganaro Consulting,* No. 01-cv-1317 (LEK), 2003 WL 355763, at *2 (N.D.N.Y. Feb. 13, 2003) (citing *Bd. of Educ. of Hudson City Sch. Dist. v. Sargent, Webster, Crenshaw & Folley,* 71 N.Y.2d 21, 28 (1987)). It is well settled that "the existence of some form of tort liability is a prerequisite to application of the [contribution] statute." *Sargent,* 71 N.Y.2d at 28; *see also PPI Enters. (U.S.), Inc., v. Del Monte Foods Co.,* No. 99-cv-3794 (BSJ), 2003 WL 22118977, at *31 (S.D.N.Y. Sept. 11, 2003).

In this case, however, there is no allegation that Defendant breached any duty independent from its obligations under the contract and, as such, no basis to imply any liability in tort. While CJUF describes Defendant's culpable conduct as providing defective stucco that caused "property damage and life-safety issues," (Am. Compl. ¶ 44), "the mere potential for serious physical injury or property damage is not enough to create a duty independent of the contract thereby authorizing recovery in tort." *Trump Vill. Section 3 v. N.Y.S. Hous. Fin. Agency*, 307 A.D.2d 891, 897 (1st Dep't 2003) (citation omitted). Thus, CJUF "may not seek contribution from [Defendant] where the alleged 'tort' is essentially a breach of contract claim." *Id.* Accordingly, CJUF's contribution claim fails as a matter of law.

7

## IV. CONCLUSION

For the reasons stated above, Defendant's (Dkt. 21) Motion to Dismiss is GRANTED. Further, because any amendment of the complaint would be futile, the dismissal is with prejudice. *See generally Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129 (2d Cir. 1993). The Clerk of Court is respectfully DIRECTED to enter judgment in favor of Defendant and close this case.

SO ORDERED.

Dated:   Brooklyn, New York
         July 28, 2020

                                        /s/ Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge